IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRYSTAL HARRIS DAVIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CASE NO. 1:14cv730-SRW |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff Chrystal Harris Davis commenced this action on August 6, 2014, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner denying her claim for a period of disability, disability insurance benefits, and supplemental security income benefits. On October 26, 2012, the Administrative Law Judge ("ALJ") issued an adverse decision.[1] The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. This case is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

---

[1] Plaintiff was represented by counsel at the hearing before the ALJ.

1

**STANDARD OF REVIEW**

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Richardson v. Perales, 402 U.S. 389, 390 (1971); Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. It is "more than a scintilla, but less than a preponderance." Id.  A reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] decision for that of the [Commissioner]." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).  In other words, this court is prohibited from reviewing the Commissioner's findings of fact de novo, even where a preponderance of the evidence supports alternative conclusions.

While the court must uphold factual findings that are supported by substantial evidence, it reviews the ALJ's legal conclusions de novo because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. Cornelius v. Sullivan, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether the claimant has a severe impairment;

(3) whether the claimant's impairment meets or equals an impairment listed by the Commissioner;

(4) whether the claimant can perform his or her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir. 1993) (citing to formerly applicable C.F.R. section), overruled on other grounds by Johnson v. Apfel, 189 F.3d 561, 562-63 (7th Cir. 1999); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986). The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

Pope, 998 F.2d at 477; accord Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. Id.

### DISCUSSION

Plaintiff alleges a disability onset date of May 11, 2011, and total disability due to a tumor behind one eye, fluid on her spine, and a pinched nerve. At the first step of the sequential process, the ALJ determined that plaintiff meets the insurance requirements of the Social Security Act through June 30, 2013. At step two, the ALJ concluded that plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. Proceeding to the third step, the ALJ found that plaintiff suffers from the following severe impairments: pseudotumor cerebri; headaches; benign intracranial hypertension; ocular hypertension; and diabetes mellitus. At step four, the ALJ concluded that none of the plaintiff's severe impairments, individually or collectively, meets a listed impairment in 20 C.F.R. pt. 404, subpt. P, app. 1 (2014). At step five, the ALJ developed a residual functional capacity ("RFC") assessment permitting plaintiff to perform a full range of light work. The ALJ found that plaintiff could return to her past relevant work as a security supervisor in a prison, and that such work is not precluded by the RFC. The ALJ concluded that plaintiff is not disabled.

Plaintiff makes two arguments in support of this appeal: (1) the RFC does not conform with the medical evidence of record and governing legal standards, and (2) the ALJ committed reversible error by failing to take testimony from a vocational expert prior to finding that plaintiff can return to her past relevant work. Upon review of the record, the court concludes that these contentions are without merit.

The plaintiff faults the ALJ for "inconsistencies between [state agent evaluator Dr. Scott] Trouger's RFC and his own." (Doc. # 12 at p. 5). However, the Commissioner alone, and not a medical source, determines an RFC. Robinson v. Astrue, 364 F. App'x 993, 999 (11th Cir. 2010) ("[T]he task of determining a claimant's [RFC] … is within the province of the ALJ, not of doctors). Dr. Trouger supplied opinion evidence and a medical source statement, which is different from an RFC. See 20 C.F.R. §§ 404.1513, 404.1545, 404.1546, 416.913, 416.945, 416.946. Medical source statements are not determinative, and the ALJ is within his discretion to credit all, part, or none of the opinions of a medical source's proffered evidence. See 20 C.F.R. § 404.1545(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence."). "Indeed, the pertinent regulations state that the ALJ has the responsibility for determining a claimant's RFC." Castle v. Colvin, 557 F. App'x 849, 853-54 (11th Cir. 2014) (citing 20 C.F.R. § 404.1546(c)). The ALJ is under no obligation to adopt a medical source statement's findings as his RFC finding. In this case, the ALJ's RFC determination is based on substantial evidence and is in accordance with controlling law.

Plaintiff's second argument on appeal—that the ALJ was under an obligation to hear testimony from a vocational expert before concluding that plaintiff could return to her

5

past work as a security supervisor—is premised on an incorrect reading of the ALJ's written decision. The RFC determination contained no restrictions. However, the plaintiff argues that the ALJ implicitly found non-exertional limitations because he discussed medical evidence in explaining his reasoning for the RFC finding that plaintiff can perform a full range of light work. Under the facts of the present appeal, the court declines plaintiff's invitation to revise the ALJ's RFC to add "implicit" non-exertional restrictions not actually found by the ALJ, in order to determine at plaintiff's behest that vocational expert testimony was required concerning such restrictions. See Jarrett v. Comm'r of Soc. Sec., 422 F. App'x 869, 871 (11th Cir. 2011) (One manner of determining whether the claimant is able to perform other work is for the ALJ to ask a VE hypothetical questions to establish whether someone with the limitations that the ALJ "'*has previously determined that the claimant has*'" will be able to secure employment in the national economy.)(citation omitted)(emphasis added).

That notwithstanding, the plaintiff bears the burden to show that her limitations prevent her from returning to her past relevant work. See Barnes v. Sullivan, 932 F.2d 1356, 1359 (11th Cir. 1991). The evidence of record includes a "Work History Report" and a "Function Report," and the ALJ relied on those documents and other relevant evidence to conclude that plaintiff can return to her former job as a security advisor in light of her RFC. This finding is based on substantial evidence.

## CONCLUSION

Accordingly, and for the reasons discussed, the decision of the Commissioner will be AFFIRMED by a separate order.

DONE, this the 31st day of March, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge